# IN THE UNITED STATES COURT
# Northern District of OKLAHOMA

```
FILED
JAN 2 6 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT
```

1) Kerry A. Thompson, Individually and as next of kin to:
2) Cheryl M. Thompson and
3) Kaitlyn A., a minor

Plaintiff,

vs.

21CV-031 TCK · CDL

DEFENDANT

1) STATE of OKLAHOMA, ex rel., OKLAHOMA DEPARTMENT OF HUMAN SERVICES, a Governmental entity.,
2) Ed Lake, as an individual
3) Justin Brown, as an individual
4) TULSA COUNTY DEPARTMENT OF HUMAN SERVICES, a Governmental entity.,
5) Russell Jones as an Individual
6) Shelonda Jones as an individual



      and employee

7) Jenny Remy as an individual
    and employee

8) Sigrun Baca as an individual
     and employee

9) Nancy Osborn as an individual
     and employee

10) Priscilla Minor as an individuall
     and employee

11) Ashley Dugger as an  individual
     and employee

# Petition

COMES NOW Plaintiff, Kerry A. Thompson individually ("Thompson") and as Next of Kin to Cheryl Thompson ("Cheryl") and Kaitlyn a minor ("Kaitlyn"), by and through his attorney of record.

## PARTIES JURISDICTION AND VENUE

1. Plaintiff is a citizen of Oklahoma, Registered member of The Cherokee Nation and next-of-kin to Cheryl Thompson and Kaitlyn (a minor).
2. Defendent State of Oklahoma, ex rel., Department of Human Services ("OKDHS") is a government entity statutorily created under the Constitution of Oklahoma 43A O.S. 10 and 56 O.S. 162 providing

investigation, intervention and assistance for vulnerable adults and children in reported allegations. They also set requirements for reporting suspected cases of abuse, neglect and exploitation. OKDHS was at time pertinent hereto, responsible for these actions.

3. Defendent Ed Lake ("Lake"} was at time relevent hereto, the former Director of OKDHS and acting under the color of state law. Lake as Director of OKDHS was at time relevent hereto, responsible for insuring the proper investigation, intervention and assistance for vulnerable adults and children in reported allegations. In addition, Lake was at times pertinent , hereto, responsible for creating , adopting, approving, ratifying and enforcing the rules, regulations, policies, procedures, and/or customs of OKDHS including the policies, practices, procedures, and/or customs  violated Plaintiff's rights as set forth in the petition. Pursuant to Article XXV, section 4 of the Constitution of Oklahoma the Director of OKDHS serves as the chief executive and administrative officer of the Department. The Director of OKDHS is responsible for administering all OKDHS services and programs and insuring that all such services and programs operate in conformity with constitutional statutory and regulatory requirements, Pursuant to Oklahoma Administrative Code  340: 1-1-4, the Director of OKDHS is charged with the responsibility for day to day direction of the activities  necessary for OKDHS to accomplish it's mission, and the Director's duties include serving as chief spokesperson for OKDHS and ensuring that actions approved  by the Commission are carried out. Lake is sued in an Individual and official capacity.

4. Defendant Justin Brown ("Brown") was at times relevent hereto, the

Director of OKDHS and acting under the color of state law. Brown as Director of OKDHS was at times relevent hereto, was responsible for proper investigation, intervention, and assisstance for vulnerable adults and children in reported allegations. In addition, Brown was at times pertinent, hereto, responsble for creating, adopting, approving, ratifying and enforcing the rules, regulations, policies, practices, procedures, and/or customs of OKDHS, including the policies, practices, procedures, and/or customs that violated Plaintiff's rights as set forth in this Petition. Brown is sued in an Individual and official capacity.

5. Defendent Russell Jones ("Jones") was at times relevent hereto, the Director of TULSADHS/ APS and acting under color of state law, Jones as Director of TULSADHS/APS was at time relevent hereto, responsible for ensuring the proper investigation, intervention and assistance for the vulnerable adults in reported allegations. In addition, Jones was at times pertinent hereto, responsible for creating, adopting, approving, ratifying and enforcing the rules, regulations, policies, practices, procedures and/or customs of TULSADHS/APS. Jones is sued in an Individual and official capacity.

6. Defendent Shelonda Jones (S. Jones) was at times relevent hereto, an employee or agent for TULSADHS/APS and acting under color of the department.  S. Jones , as an employee or agent for  TULSADHS/APS ,was at times relevent hereto, responsible for initiating an investigation to determine if protective services are needed. The investigation focas of S. Jones was required to be Cheryl.  S. Jones was required to approach the investigation with sensitivity to Cheryl's perception of her situation and wishes and make an objective assessment of the circumstances and need for involvement. A service plan, If determined necessary, was to meet the needs of Cheryl in the  least intrusive and least restrictive manner.  S. Jones is being sued in an individual and official capacity.

7. Defendant Jenny Remy (Remy) was at times relevent hereto, an employee or agent for TULSADHS and acting under color of the department. Remy, as an employee or agent for TULSADHS was at times relevent hereto, responsible for initiating an investigation to determine if protective services are needed. Knowing of Kaitlyn's special needs and requirements an EMERGENCY Hearing was required by OK-Legislative Mandate before her removal from the home. Remy was required to approach the investigation with sensitivity to Kaitlyn's perception of her situation and make an objective assessment of the circumstances and need for involvement. A service plan, If determined necessary, was to meet the needs of Kaitlyn in the least intrusive and least restrictive manner. Remy is being sued in an individual and official capacity.

8. Defendant Sigrun Baca (Baca) was at times relevent hereto an employee or agent for TULSADHS and acting under color of department. Baca as an employee or agent for TULSADHS was at times relevent hereto for Kaitlyn's health, safety and continuity related to family contact, as well as, educational needs for a special needs child. Baca was to meet the needs of Kaitlyn in the least intrusive and least restrictive manner. Baca is being sued in an individual and official capacity.

9. Defendant Nancy Osborn (Osbor n)was at times relevent hereto an employee or agent for TULSADHS/APS and acting under color of department. Osborn as designated guardian for Cheryl is responsible to oversee for her welfare and safety and attend to her financial needs. Osborn was to act in the best interest of Cheryl and use and protect her assets wisely. Osborn also has a duty to insure spousal communication/visatation as guaranteed by State and Federal Law. Osborn is being sued in an individual and official capacity.

10 . Defendent Priscilla Minor (Minor) was at times relevent hereto an

agent for TULSADHS in a supervisory posistion and acting under color of department. As supervisor it was her job to see that those case workers met the needs of Kaitlyn's health ,safety and continuity related to family contact, as well as, educational needs for a special needs child. Minor was to see that Kaitlyn's needs were met in the least intrusive and restrictive manner. Minor is being sued in an individual and official capacity.

11. Defendent Ashley Dugger (Dugger) was at times relevent hereto an employee or agent for TULSADHS in a supervisory posistion and acting under color of department. As supervisor it was her job to see that case workers and other department employees were properly trained to meet Kaitlyn's special needs in the least intrusive and restrictive manner and comply with all Federal Rules, Regulations, Mandates and Agreements concerning a special needs child.

## Statement of Facts

Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of the aforementioned paragraphs:

Between the dates of March 15, 2018 and to present, the OKDHS and it's employees and TULSADHS/APS and it's employees Remy, Mason, Jones, Osborn, Franke, Baca, Minor, Rollins, et al, as well as, State employees, contractors and associates caused the filing of false charges with malicious intent, physical harm , child endangerment, invasion of privacy, extreme emotional distress, psychological abuse, false imprisonment, put at want, civil rights violations, theft of assets ,verbal abuse, denial of marital rights, denial of medical needs , denial of physical rehabilitation,theft of Social Security benefits, unlawful entry, unlawful search, unlawful surveillance and denial of testing for drugs and sexual misconduct, defamation of character, libel, denial of contractual benefits, lack of jurisdiction and wrongful death.

## SUBSTANTIAL COMPLIANCE WITH THE
## OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT

12. Plaintiff incorporates herein by , as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

13. Plaintiff substantially complied with the Notice of Tort Claim requirements as required by the Oklahoma Tort Claims Act (Hereafter "OGTCA"), 51 O.S. Sec. 151, seq.

Kerry A. Thompson notified the State of Oklahoma Office of Management and Enterprise Services, Oklahoma Department of Human Services and the Tulsa County Department of Human Services by way of letter sent certified mail with return receipt requested on January 26, 2021.

14. All Defendents received Plaintiffs Notice of Tort Claim letter on January 27, 2021, Thus Plaintiff's Notice of Tort Claim is considered filed on January 26, 2021.

15. Plaintiff suffered loss by the Defendant's conduct that reasonably became known April 4, 2018 and continues to date.

16. The deadline for Plaintiff to file a Notice of Tort Claim within one year of complained acts, pursuant to 51 O.S. Sec 156(B) continues since cases are still active and Defendant's employee's did not act in good faith, as requied.

17. None of the listed Defendents approved or denied Plaintiff's Tort Claim, pursuant to 51 O.S. Sec 157(A).

18. Pursuant to 51 O.S. Sec 157(B), Plaintiff must commence this action by January 27, 2021.

19. Plaintiff filed this action prior to January 27, 2021.

20. Based upon the foregoing, Plaintiff has complied with the OGTCA.

## STATEMENT OF FACTS

Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs,

Between the dates of March 15, 2018 and to present, OKDHS and it's employees Remy, Mason, Franke, Minor, and Baca caused extreme emotional distress upon Plaintiff. On April 4, 2018 Mason and Remy removed their handicapped daughter Kaitlyn without the proper three day emergency hearing she was entitled by Legislative Mandate, due to her extreme mental conditions.

1. OK-DHS also caused psychological damage to the Thompson's parental rights by telling Kaitlyn, the Thompson's weren't her biological parents which she had always been told and her real biological mother was dead. In addition, they asked if she wanted to change her last name from Thompson to Fritz, causing her confusion, distress and long term psychological damage. These actions were inappropriate to a child in such fragile condition. The Thompson's had always been told by Psychiatrist and Psychologist they could tell Kaitlyn whichever story they wanted, it was their Parental Right.

2. OK-DHS filed false charges against The Thompson's when their own generated reports showed them to be False Allegations, therefore filed with malicious intent, holding the Thompson's reputations up for ridicule and disparagement, causing extreme emotional distress.

3. They also named Thompson a predator violating his Constitutional and other legal rights in connection with unlawful surveillance and investigation.

4. They also made false reports that Mr. Thompson was drugging Mrs. Thompson for sex , his wife of 18 (eighteen) years ,when in fact she was taking pain medication for severe diebetic neuropathy.   These charges were later used with felonious intent against Thompson in conjuction with an admitted joint investigation with Tulsa Police Officer Shawn King who threathened Mr. Thompson in front of Kaitlyn who recited the threat in open court. Mr. Thompson requested his right to Habeous Corpus but no charges were filed against Mr. Thompson for five months. Only after Thompson complained to the Chief of Police  about Officer Kings actions and the Tulsa Police Department picking up their Saturn Aura by TPD Officer Sapponton, which was paid off and no outstanding warrants, which Thompson complained to the Police Chief at the time was harassment by King. When Thompson tried to retrieve their vehicle from Allied Towing he was told it was picked up on August 17, and already sold at auction. By dating it August 17, 2018 they could show it to be sold lawfully.

5. After Mr. Thompson provided the information the police chief requested, knowing his department and Officer were in violation of Mr. Thompsons civil rights filed false reports  and had the District Attorney's Office file false charges against him.

6.  Kaitlyn reported that on various dates that she was hit by DHS worker Franke contracted worker David Colvin in Shawnee and various other state workers. She reported they all hit her in the same place as if trained in that manner.

7   Last year Kaitlyn reported that she was being bussed to church in violation of her First Amendment Rights. When asked  what church they were taking her to, the state refused to answer her parents. The state also knew they were putting her life  in danger, as well as, others using this kind of transportation. The mental health experts at Tulsa Public Schools refused to let her ride this mode of transportation deeming it to dangerous based on her multiple mental health issues. DHS was notified and warned

9

on several occasions, but ignored her parents , which promoted child endangerment and putting Kaitlyn in harms way, as well as others.

8  While at the El Reno facility, she was the victim of an extortion plot, where boys threathened her if she didn't give them money. She gave them money and they hit her in the head anyway. The solution of the facility and Baca her worker was to cover it up and try to convince her she wasn't hurt. The counselor Rebecca and I were on the phone when she told us her head was still hurting and they were trying to convince her she wasn't hurt. OK-DHS refused to have her properly examined by a physician for head trauma.

9  At the Norman facility she was allowed to run around with a boy who was always taking his clothes off and running around naked. In addition, he was always trying to persuade her to run away with him. Mrs.Thompson an RN for almost fifty years called the facility telling them how unethical their actions were and Kaitlyn was transferred in a very short period of time.

10. At the Bartlesville, OK facility Kaitlyn almost immediately began complaining of nightmares. Then Mr. and Mrs.Thompson noticed unusual behaviors being exibited such as short term memory loss, eyesight problems, change in deameanor. This after the facility started restricting her to her room thirity (30) minutes at a time, a different person taking her out of the facility almost every night and taken to a different doctor. When her parents requested a simple blood test to check for possible drugging the state refused saying it would be to traumatic. Yet Kaitlyn regularly had significant blood samples drawn due to her own medical requirements. After our request, Kaitlyn was secretly moved to a facility in El Reno, OK and our parental communications cut-off for weeks.

11. Pinnacle plan violation. The last report expressed serious concerns about the long-term decrease in the number and quality of Theuraputic Foster Care placements for children with behavioral challenges and/ or intellectual

disabilities. OKDHS failed Kaitlyn under this required plan.

12. The State of Oklahoma violated Federal Law by putting the Thompson's at want. They took the Thompsons legitimate living income, took possession unlawfully so Mr. Thompson could not fight off illigitimit brokers that included attorney's, judges ,long term medical facilities, Hospitals and other bad actors, such as state employees with their own unlawful agendas. The Thompsons have suffered a long string of abuses by the state and their associates and contractors.

13. Kaitlyn was denied a Flu shot by OKDHS after numerous request by her parents. Other children under their care were given one , therefore Kaitlyn was denied her civil rights.

.

.

## CAUSES OF ACTIONS

### NEGLIGENCE---VICARIOUS LIABILITY

16. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averrments of aforementioned paragraphs.

17. Defendents OKDHS, Lake, Brown, TULSADHS/APS and Jackson are vicariously liable for the acts of it's employees and /or agents under the doctrine of respondeat superior.

18. Defendents OKDHS, Lake, Brown, TULSADHS and Jackson , through their employees and/or agents, owed a duty to Plaintiff's to provide reasonable care.

19. As described herein Defendents, Lake, Brown, TULSADHS/APS and Jackson through their employee 's and/or agents, breached their duty to Plaintiff's as required by applicable standards of care, custom and law

20. Defendents OKDHS, Lake, Brown, TULSADHS and Jackson through their employees and or agents, failed to act reasonably to Plaintiff.

21. Defendents OKDHS, Lake, Brown, TULSADHS and Jackson through their employee's and/or agents' negligence, are the direct and proximate cause of the loss to Plaintiff

22. As a result of Defendents' OKDHS, LAKE, TULSADHS, and Jackson, through their employee's and/or agents negligence, Plaintiff suffered damages in the form of loss of property and emotional distress in the amount of $200,000.00 (two-hundred thousand dollars ).

## II. NEGLIGENCE—HIRING/TRAINING/SUPERVISION

27. Plaintiff incorporates herein by reference as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

28. Defendents OKDHS, Lake, Brown, TULSADHS, and Jackson owed Plaintiff a duty to exercise reasonable care with respect to hiring , training and supervising at all times of the incidents herein.

29. Defendents OKDHS, Lake, Brown TULSADHS and Jackson breached said duty in allowing the acts and/or omissions herein to be committed.

30. Defendents OKDHS, Lake, Brown TULSADHS and Jackson knew or should have known of its employeee' and/or agents propensities and those actions and inactions would create injury to others.

31. Defendents OKDHS, Lake, Brown TULSADHS and Jackson continued to place its employees and/or agents in situations when they were untrained and unsupervised and where they could cause damage despite knowing such has already happened in the past.

32. Defendents OKDHS, Lake, Brown TULSADHS and Jackson, negligence is the direct and proximate cause of Plaintiff's loss.

33. As a result of Defendents' OKDHS, Lake, Brown TULSADHS and Jackson through their employees and/or agents negligence, Plaintiffs' suffered damages in the form of loss of property and emotional distress in the amount of $200,000.00 ( two-hundred thousand dollars ).

### III. INCONVENIENCE AND ANNOYANCE

34. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

35. As a result of Defendents actions and inactions Plaintiff has suffered in the form of inconvenience and annoyance.

36. For such injury to Plaintiff's, Plaintiff's should be granted an award against Defendents in the amount of $200,000.00 ( two-hundred thousand dollars ) .

### IV. DECEIPT----VICARIOUS LIABILITY

37. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averments of aforementioned paragraphs.

38. Defendents OKDHS, Lake, Brown TULSADHS and Jackson through their employees and/or agents created a suggestion, as a fact, of that which was not true nor did Defendents employees and/or agents believe it to be true.

39. Defendents OKDHS, Lake, Brown, TULSADHS and Jackson through their employees and/or agents made an assertion, as a fact, of that which was not true nor did Defendents employees and/or agents have a reasonable ground for believing it to be true.

40. Defendents OKDHS, Lake, Brown TULSADHS and Jackson through their employees and/or agents engaged in a want of communication of facts to mislead Plaintiff.

41. As a result of Defendents' OKDHS, Lake, Brown TULSADHS and Jackson through their employees and/or agents deceit, Plaintiff is entitled to a judgement in the amount of $200,000.00 (two-hundred thousand dollars).

## V. SUPERVISOR LIABILITY

42. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averrments of the aforementioned paragraphs.

43. There is an affirmative link between the aforementioned acts and/or omissions of Defendents in being delibertly indifferent to Plaintiff and their policies, practices and/or customs which Defendents Lake, Brown and Jackson promulgated, created, implemented and/or possessed responsibility for as detailed herein.

44. Defendents Lake, Brown and Jackson knew and/or it was obvious that the maintenance of their polocies, practices and/or customs posed a risk.

45. Defendents Lake, Brown, and Jackson disregarded the known and/or obvious risk to Plaintiff.

46. Defendents Lake, Brown and Jackson, through their continued encouragement, ratification and approval of their policies, practices, and/or customs, in spite of there known and/or obvious inadequacies, were delibertly indifferent to Plaintiff.

47. There is an affirmative link between the acts of the subordinates and Defendents' Lake, Brown and Jackson adoption and/or maintenance of their policies, practices and or customs.

48. As a direct and proximate result of the Defendents' Lake, Brown and Jacksons policies, practices and/or customs, Plaintiff suffered damages in the form of property loss and emotional and psychological distress and should be awarded a judgement of $200,000.00 (two-hundred thousand dollars).

## VI. CIVIL CONSPIRICY

49. Plaintiff incorporates herein by reference ,as if fully set forth herein, the allegations and averrments of aforementioned paragraphs.

50. On information and belief Defendents acting in either their individual capacity and/or through their employees and/or agents, jointly conspired to suppress information and actions.

51. The conduct of Defendents amounts to a civil conspiracy and gives ride to a claim for damages by the Plaintiff.

52. As a result of the civil conspiracy and the wrongful acts of the Defendents, Plaintiff should be awarded a judgement of $200,000.00 (two-hundred thousand dollars).

## VII. WRONGFULL DEATH

53. That as a result of the negligent actions of Defendents, Plaintiff Cheryl Thompson suffered conscious pain and suffering, physical injuries, other damages and death.

54. That the conscious pain and suffering, physical injuries, other damages and death suffered by Plaintiff Cheryl Thompson was proximately and directly by the negligent acts of the Defendents.

55. As a direct and proximult result of Defendents negligence in causing the death of Cheryl, the Plaintiff's, as the survivors of the late Cheryl Thompson , sustained pecuniary loss, mental anguish. emotional pain and suffering, and other damages.

56. At all times herein mentioned , the Plaintiff was acting in a careful and prudent manner and did not assume the risk and was not contributorily negligent.

57. As a result of the negligent acts of the Defendents which resulted in the death of Plaintiff Cheryl Thompson ,Plaintiff should be awarded a judgement in excess of $200,000.00 (two-hundred thousand dollars).

## VIII. CIVIL RIGHTS

58. Plaintiff incorporates herein by reference, as if fully set forth herein, the allegations and averrments of aforementioned paragraphs.

59. Plaintiff was deprived of federal rights by Defendents  were acting under color of state law.

60. The policies or customs of Defendents was a direct factor in the deprivation of  Plaintiff's federal Rights.

61. The actions, policies or customs of Defendents was a direct cause of Plaintiff's injuries and depravition of rights.

62. The Defendents' policie was enacted or maintained with deliberate in dfference to an almost inevitable constitutional injury.

63. As a result of the deprivation of Plaintiff's' rights by the Defendents, Plaintiff should be awarded a judgement of $200,000.00 (two-hundred thousand dollars)

## IX. PUNITIVE DAMAGES

64. Plaintif incorporates herein by reference , as if fully set forth herein, the

allegations and averments of aforementioned paragraphs.

65. Plaintiff is entitled to punitive damages on this claim brought against

Defendents conduct, acts and ommissions alleged herein constitute reckless or callous indifference to Plaintiff.

  WHEREFORE, premises considered, Plaintiff Kerry A. Thompson individually and as Next of Kin to Cheryl Thompson and Kaitlyn, a MINOR

prays judgement against Defendents on all causes of action asserted herein for damages in excess of $200,000.00 and all other damages for which he is entitled to recover including, but not limited to, punitive damages , together with reasonable expenses incurred in pursuit of damages incurred.

*Kerry A Thompson*, AT LAW

SIGNED THIS 26TH DAY OF JANUARY, 2021

1301 S COLLEGE AVE.
TULSA, OK 74104
918-210-8112